UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| versus | **NO. 13-5204** |
| **GOVERNOR BOBBY JINDAL, ET AL.** | **SECTION: "G" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

On August 13, 2012, petitioner, Baron Johnson, pleaded guilty to simple robbery under Louisiana law and was sentenced to a term of two years imprisonment.[1] Less than one year later, he filed the instant federal application for *habeas corpus* relief.[2]

---

[1] State Rec., Vol. I of I, minute entry dated August 13, 2012; State Rec., Vol. I of I, guilty plea form.

[2] Rec. Doc. 1.

The state concedes that the application was timely filed and that petitioner was in custody at the time of filing.³ However, the state argues that the application should be dismissed because petitioner failed to exhaust his remedies in the state courts. The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

---

³ Rec. Doc. 8. It is unclear whether, at the time he filed this federal application, petitioner was serving his simple robbery sentence at the Louisiana State Penitentiary or was incarcerated on an unrelated charge at the Jefferson Parish Correctional Center. However, even if the latter is true, the state concedes in its response that, at a minimum, he was still on parole with respect to the simple robbery conviction at the time the application was filed. As the state correctly notes, a petitioner is still considered to be "in custody" for the purposes of a federal *habeas corpus* proceeding even if he is on parole at the time he filed his application. See Carafas v. LaVallee, 391 U.S. 234 (1968); Jones v. Cunningham, 371 U.S. 236 (1963); Reed v. United States, 471 F.2d 721, 722 (5th Cir. 1973).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin, 541 U.S. at 29 (emphasis added). Moreover, the claim must have been presented "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor. The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

Petitioner's federal application is rambling, largely nonsensical, and often illegible. Therefore, this Court cannot discern with any degree of certainty what claims he is attempting to assert in this proceeding. Nevertheless, those claims, whatever they may be, are clearly unexhausted because petitioner has not filed any applications whatsoever concerning this conviction with either the Louisiana Fifth Circuit Court of Appeal or the Louisiana Supreme Court. As a result, even if the any of his claims were to have merit, which is an issue that this Court need not and does not reach, relief could not be granted. See Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999)

("[A]bsent the applicability of an exception to the exhaustion requirement, a federal court lacks the authority to grant habeas relief on an unexhausted claim.").

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Baron Johnson** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this first day of November, 2013.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.